Michael S. Sorgen [SBN 43107]
Joyce Kawahata [SBN 113159]
LAW OFFICES OF MICHAEL S. SORGEN
240 Stockton Street, 9th Floor
San Francisco, CA 94108
Telephone: (415) 956-1360
Facsimile: (415) 956-6342

Attorneys for Plaintiff
THERESA M. O'BRIEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA M. O'BRIEN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　Defendant. | Case No.: C10-1830 EDL<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER AS TO PLAINTIFF'S PSYCHOLOGICAL AND MENTAL HEALTH RECORDS AND INFORMATION** |

**STIPULATION**

Plaintiff Theresa O'Brien and Defendant Janet Napolitano (hereinafter, collectively, "the parties") agree that in exchange for plaintiff's agreement not to seek emotional distress damages in this case, defendant will not seek discovery of psychological records or information related to her psychological history and/or treatment, past or present. The parties, by and through their respective counsel of record, and subject to Court approval, stipulate to the following Protective Order, which will apply to all documents, testimony, and information produced during discovery in accordance with the terms of this Protective Order.

**PROTECTIVE ORDER**

1.　This Protective Order (the "Order") governs all documents produced, testimony given, written discovery or information exchanged in the course of this litigation, including documents or testimony obtained by any party to this litigation (hereinafter, "Discovery").

2.　Such Discovery related to the psychological, psychiatric or mental health

treatment, history, medication, or reports of plaintiff shall not be used in this litigation for any purpose, including trial. This prohibition shall apply to *inter alia* documents produced by Dr. Elaine Date, pursuant to defendant's document subpoena dated 8/19/11, including bates numbers EDS-160 - 179. However, the parties' experts may acknowledge that Plaintiff's treatment involved mental health therapy and drugs to the extent that such treatment or drugs affected her ability to perform the essential functions of the job.

3. As the parties do not anticipate discovery of any mental health records, Plaintiff may not exploit the fact that her expert has reviewed some of plaintiff's mental health records and is aware of plaintiff's mental health condition through her treatment of Plaintiff. Nor will Plaintiff question the defense expert's lack of knowledge of Plaintiff's mental health history or make argument regarding same.

4. This Order shall become binding on the parties to this Order immediately upon execution by the parties, and shall remain in effect following the termination of this litigation absent an order of this Court to the contrary.

**IT IS SO STIPULATED**.

Dated: September 8, 2011        LAW OFFICES OF MICHAEL S. SORGEN

                                By:    ___/s/ Joyce Kawahata_____
                                       Joyce Kawahata
                                       Attorneys for Plaintiffs

Dated: September 8, 2011        MELINDA L. HAAG
                                UNITED STATES ATTORNEY

                                By:    _____/s/_____
                                       Juan D. Walker
                                       Assistant United States Attorney
                                       Attorneys for Federal Defendant

**O R D E R**

Good cause appearing therefor, IT IS SO ORDERED.

Dated: September 9, 2011        _Elizabeth D. Laporte_____
                                Hon. Elizabeth D. Laporte
                                United State District Court Magistrate Judge

2